UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

NEVERSINK GENERAL STORE and BRENDA
TOMLINSON, *individually and on behalf of all
others similarly situated*,

                                    Plaintiffs,

                   -v-

MOWI USA, LLC, MOWI DUCKTRAP, LLC,
MOWI USA HOLDING, LLC, and MOWI ASA,

                                   Defendants.

20 Civ. 9293 (PAE)

ORDER

------------------------------------------------------------

       The Court has received a motion for preliminary approval of a class settlement from the parties in this action. *See* Dkts. 48–49. In addition to providing for classwide monetary relief, the parties' agreement contemplates that, upon final approval of the settlement, the Court would enter an injunction restraining defendants from using certain phrases on the packaging of the smoked salmon products at issue in this lawsuit. *See* Dkt. 49-1, Ex. 1 ("Agreement") ¶ 3.5. The parties also seek certification of a settlement class, defined to include past purchasers of products bearing those phrases, *see id.* ¶ 1.38; Dkt. 49 ("Mem.") at 4, in part under Federal Rule of Civil Procedure 23(b)(2), which authorizes courts to certify a class where a defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

       In a recent decision, the Second Circuit has disapproved of Rule 23(b)(2) certification in similar circumstances. It held that "past purchasers of a product—like the purchasers of Barilla pasta in this case—are *not* eligible for class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 149 (2d Cir. 2020) (emphasis added)

(vacating final approval of class settlement).  That was because, the Circuit explained, "past purchasers of a product . . . are not likely to encounter future harm of the kind that makes injunctive relief appropriate," given the possibility that some such purchasers will not buy the product again in the future and that, even if they do, they may not again be deceived by the same packaging.  *Id.* at 147–48.  And, the Circuit reasoned, "[w]here there is no likelihood of future harm, there is no standing to seek an injunction, and so no possibility of being certified as a Rule 23(b)(2) class."  *Id.* at 149.

In light of the decision in *Berni*, the Court has substantial doubt as to whether it could validly certify a Rule 23(b)(2) class for purposes of effectuating the injunctive relief contemplated by the proposed settlement.  *See* Fed. R. Civ. P. 23(e)(1)(B)(ii) (courts should only direct notice to the class if the parties show "that the court will likely be able to . . . certify the class for purposes of judgment on the proposal.").  The Court is, accordingly, disinclined to grant preliminary approval of the proposed settlement.

In the event the parties nevertheless believe that the proposed settlement is compatible with *Berni*, such that the Court could certify a Rule 23(b)(2) class here, they are directed to file by **May 5, 2021,** a joint letter explaining the legal basis for this conclusion, citing on-point case authority.  Alternatively, the Court would welcome, by the same date, a revised proposed settlement that excludes injunctive relief and does not request class certification under Rule 23(b)(2).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 28, 2021
New York, New York