UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEVERSINK GENERAL STORE and BRENDA TOMLINSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MOWI USA, LLC, MOWI DUCKTRAP, LLC, MOWI USA HOLDING, LLC, and MOWI ASA, <br><br> Defendants. | No. 20 Civ. 9293 (PAE) <br><br> ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E) |

Before the Court is Plaintiffs' Unopposed Amended Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e) (the "Motion"). Plaintiffs Neversink General Store and Brenda Tomlinson (collectively, "Plaintiffs") and Defendants Mowi USA, LLC, Mowi Ducktrap, LLC, Mowi USA Holding, LLC, and Mowi ASA (collectively, "Mowi") have entered into a Class Action Settlement Agreement and Release, dated May 5, 2021 (the "Settlement Agreement"). Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

  1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Motion is GRANTED.

4. The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rule 23(b)(3), consisting of

> All persons or entities residing in the United States of America that purchased a Ducktrap Product with packaging that included "sustainably sourced," "all natural," and/or "from Maine" during the period beginning March 1, 2017 and ending on the date of entry of the Preliminary Approval Order. The following individuals are excluded from the Settlement Class: officers and directors of Mowi and its parents, subsidiaries, affiliates, and any entity in which Mowi has a controlling interest; all judges assigned to hear any aspect of this Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

5. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e)(1). The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that Plaintiffs and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of arm's length negotiations by the Parties

through an experienced mediator, the Honorable Diane M. Welsh (ret.), and comes after adequate investigation of the facts and legal issues, the filing of three complaints and two separate motions to dismiss, and a day-long mediation session. The Court preliminarily finds that the relief provided to the Settlement Class is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal and the proposed method of distributing payments to the Settlement Class. The Court further finds that the Settlement Agreement treats the Settlement Class Members equitably relative to one another. Under the terms of the Settlement Agreement, Settlement Class Members that submit a timely and valid Claim Form will be sent a Cash Payment, which will be based on the number of Ducktrap Products the Settlement Class Member purchased, as provided on the Settlement Class Member's submitted Claim Form. Specifically, each Settlement Class Member will receive a payment of up to $2.50 for each Ducktrap Product package purchased in the United States during the Class Period for which the Settlement Class Member has provided valid Proof of Purchase, and up to $2.50 for up to ten Ducktrap Product packages that the Settlement Class Member attests, on the Claim Form, to have purchased in the United States during the Class Period for which the Settlement Class Member cannot provide valid Proof of Purchase. The Court will fully assess any request for an Attorneys' Fees and Costs Award or a Class Representative Service Award after receiving a motion from Plaintiffs and Settlement Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses or a service award creates no reason not to direct notice to the Settlement Class.

6.   The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3)

Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

7. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8. The Court hereby appoints Plaintiffs Neversink General Store and Brenda Tomlinson as Settlement Class Representatives to represent the Settlement Class.

9. The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:  Shub Law Firm LLP (Jonathan Shub and Kevin Laukaitis) and Mason Lietz & Klinger LLP (Gary M. Klinger and Gary E. Mason).

10. The Court hereby appoints Angeion Group as Settlement Administrator and directs Angeion Group to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

Notice Program

11. Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court approves the proposed Notice program set forth at Section 4.2 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits B and C to the Settlement Agreement.  The Court finds that the proposed Notice program meets the

requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes the establishment of a Settlement Website, the establishment of a toll-free telephone helpline, and targeted digital advertising on search engines, social media, and consumer websites, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms.  The Court finds that the Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Litigation; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid Claim Form to be eligible to receive a Cash Payment under the Settlement; (vi) the time and manner for submitting a Claim Form; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).  The parties may make non-material changes to the proposed Notice program, including the form and content of the Notice, without seeking further approval of the Court.

12.     The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement.  As soon as practicable and no later than 30 days after entry of this Preliminary Approval Order, the Settlement Administrator shall do the following:

    a. <u>Settlement Website</u>:  The Settlement Administrator shall establish a Settlement Website hosted at www.smokedsalmonsettlement.com, dedicated to the Settlement. The Settlement Website shall contain the Long Form Notice (in substantially the same form attached as Exhibit B to the Settlement Agreement), in both downloadable PDF format and HTML format; a Contact Information page that includes the address for the Settlement Administrator and addresses and telephone numbers for Settlement Class Counsel; the telephone helpline number; the Settlement Agreement; this Order; a downloadable and online version of the Claim Form; and all other material filings by the Parties or the Court regarding the Settlement, including Settlement Class Counsel's application for an Attorneys' Fees and Costs Award, and/or Class Representative Service Awards, the motion for final approval, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least 180 days after all Cash Payments to Settlement Class Members have been distributed.

    b. <u>Toll-free telephone helpline</u>:  The Settlement Administrator shall establish a toll-free telephone helpline, which shall be posted on the Settlement Website, and to which Settlement Class Members may refer for information about the Litigation and the Settlement Agreement.  The toll-free helpline shall remain active until at least 180 days after all Cash Payments to Settlement Class Members have been distributed.

    c. <u>Online Notice</u>:  The Settlement Administrator shall cause the Online Notice to be published on internet sites, including search engines, social media, and consumer websites, through an appropriate programmatic network.

  13. Within 20 days after entry of this Preliminary Approval Order, Mowi shall pay the Notice and Settlement Administration Costs Advance to the Settlement Administrator in an amount of $112,718.

14. By no later than 35 days before the Final Approval Hearing, the Settlement Administrator shall file (or provide to Settlement Class Counsel for filing) an affidavit affirming that the Notice program has been implemented in accordance with the Settlement Agreement and this Order (including CAFA notice) and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

Opt-Out and Objection Procedures

15. Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than 120 days after entry of this Preliminary Approval Order (the "Exclusion/Objection Deadline"). To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of the Litigation: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE"; and (d) the Settlement Class Member's signature, or the like signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the settlement.

16. Any Settlement Class Member who does not request exclusion from the Settlement Class has the right to object to the proposed Settlement and/or to Settlement Class Counsel's

motion for an Attorneys' Fees and Costs Award or Class Representative Service Awards. To be considered valid, an objection must be in writing, must be filed with or mailed to the Court, must be postmarked or filed no later than 120 days after entry of this Preliminary Approval Order (the Exclusion/Objection Deadline), and must include the following: (a) the case name and case number: "*Neversink General Store et al. v. Mowi USA, LLC et al.*, Case No. 1:20-cv-09293-PAE"; (b) the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) the Objector's signature, or the like signature or affirmation of an individual authorized to act on the Objector's behalf; (d) a statement of the specific grounds for the objection; (e) state whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) the name, address, bar number, and telephone number of counsel for the Objector, if represented or counseled in any degree by an attorney in connection with the objection; and (g) a statement whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel. If the Objector or his or her attorney intends to call witnesses or present evidence at the Final Approval Hearing, the objection must contain the following information: (a) a list identifying all witnesses whom the Objector may call at the Final Approval Hearing and providing all known addresses and phone numbers for each witness, together with a reasonably detailed report of the testimony the witness will offer at the hearing; and (b) a detailed description of all other evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing. Only objections that are submitted in accordance with this paragraph shall be considered by the Court. Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed

Settlement or to Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award or Class Representative Service Awards.

17. By no later than 90 days after entry of this Preliminary Approval Award, Settlement Class Counsel shall file their motion for an Attorneys' Fees and Costs Award and/or a Class Representative Settlement Award. Any such motion shall be posted to the Settlement Website within one business day after its filing.

**Final Approval Hearing**

18. The Court will hold a Final Approval Hearing on **Friday, November 19, 2021 at 2:00 p.m.**, in the United States District Court for the Southern District of New York, Courtroom 1305, 40 Foley Square, New York, NY 10007. The purposes of the Final Approval Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Litigation with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and/or Class Representative Service Awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement. If the Court subsequently determines that the Final Approval Hearing should not occur at an in-person hearing but rather through remote means, the Court will issue a subsequent order.

19. By no later than 35 days before the Final Approval Hearing, Settlement Class Counsel shall file their motion for final approval of the Settlement Agreement.

20. By no later than 14 days before the Final Approval Hearing, the Parties shall file any responses to any Settlement Class Member objections and any replies in support of final settlement approval and/or Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and/or a Class Representative Service Award.

21. The Court may, in its discretion, modify the date, time, and/or location of the Final Approval Hearing. In the event the Court changes the date, time, and/or location of the Final Approval Hearing, the new date and time shall be posted on the Settlement Website.

22. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

23. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, including matters relating to Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and/or a Class Representative Service Award, all proceedings in the Litigation are hereby stayed and suspended until further order of this Court.

24. Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any action against the Released Parties insofar as such action asserts Released Claims, directly or

indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum. This bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

25. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Mowi or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Litigation; (b) any liability, negligence, fault, or wrongdoing of Mowi or the Released Parties; or (c) that this Litigation or any other action may be properly certified as a class action for litigation, non-settlement purposes.

26. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

27. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

28. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Notice Date | **30 days after entry of this Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file motion for Settlement Class Counsel Attorneys' Fees and Costs Award and/or Class Representative Service Award | **90 days after entry of this Preliminary Approval Order** |
| Exclusion/Objection Deadline | **120 days after entry of this Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement | **35 days before Final Approval Hearing** |
| Last day for the Parties to file any responses to objections, and any replies in support of motion for final settlement approval and/or Settlement Class Counsel Attorneys' Fees and Costs Award and/or Class Representative Service Award | **14 days before Final Approval Hearing** |
| Final Approval Hearing | <u>**Friday November 19, 2021 at 2:00 p.m.**</u> |

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 48 and 66. **IT IS SO ORDERED.**

DATED:  May 13, 2021

*Paul A. Engelmayer*

Paul A. Engelmayer

United States District Judge