# EXHIBIT H

Filed
D.C. Superior Court
06/22/2021 17:31PM
Clerk of the Court

### IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

|  |  |  |
|---|---|---|
| ORGANIC CONSUMERS ASSOCIATION, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2020 CA 003368 B |
| v. | ) | |
| | ) | Judge William M. Jackson |
| MOWI ASA, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER GRANTING MOTION TO STAY PROCEEDINGS

This matter is before the Court on Defendant's Opposed Motion to Dismiss or Stay Proceedings. In the motion, the defendants move to dismiss the Complaint on grounds that the Complaint is now moot due to recent developments including the defendant's rebranding project that changed the labels of the Ducktrap Products and also a nationwide class action settlement entered in New York that release the claims asserted here by the plaintiff which also prohibits further prosecution of this matter. Plaintiff filed an opposition, and the defendants then filed a motion seeking leave of Court to file a reply. Upon consideration of the motions, the opposition, the reply and the entire record herein, the Court grants the motion to stay proceedings and shall stay the proceedings until the settlement is approved in the District Court of the Southern District of New York this coming November of 2021.

The plaintiffs' primary allegations have been that the defendants represented to D.C. consumers that their Ducktrap River of Maine smoked Atlantic salmon products ("Ducktrap Products") are sustainably sourced, all natural, and sourced from Maine. Compl. ¶ 3. Plaintiffs contend that these labels are misleading when in fact the Ducktrap Products were made from industrial farms using "unsustainable and environmentally destructive practices" and that they were treated with artificial chemicals and farmed outside of the U.S. Compl. ¶¶ 5, 7, 9. In the

suit, the plaintiffs are seeking a declaration that the defendants are in violation and to enjoin their conduct. *See* Compl. at p. 28.[1] In the motion, the defendants claim that as of January 2021, they have completed a rebranding project to change the labels of the products at issue in this case. Def.'s Mot. at 1. In addition, on May 13, 2021, a federal court in New York preliminarily approved a nationwide class action settlement that will release the plaintiff's claims and an injunction was entered prohibiting further prosecution on this matter. *Id.* Specifically, the defendants contend that the Complaint should now be dismissed for lack of subject-matter jurisdiction; that the New York court's anti-suit injunction enjoins further challenges; and that the settlement, when approved, will extinguish the claims as D.C. consumers will no longer be able to bring claims against the defendant, thereby extinguishing the plaintiff's claims. *Id.* at 1-2. According to the New York federal court's order, the settlement class consists of "all persons or entities residing in the United States of America that purchased a Ducktrap Product with packaging that included "sustainably sourced," "all natural," and/or "from Maine" […]." Def.'s Mot. at Ex. D at 2. In opposition, the plaintiffs contend that the New York litigation does not moot the instant case and that anti-suit injunction does not bind the plaintiff as it was not a party in the action. Pl.'s Opp'n at 4-16.

A Complaint should be dismissed under Rule 12(b)(1) if the trial court lacks subject matter jurisdiction. D.C. Super. Ct. Civ. R. 12(b)(1). A question of subject matter jurisdiction "concerns the court's authority to adjudicate the type of controversy presented by the case under consideration." *In re J.W.*, 837 A.2d 40, 44 (D.C. 2003) (quoting *In re R.L.*, 590 A.2d 123, 128 (D.C. 1991). There are two types of challenges to subject matter jurisdiction, a "facial" or a "factual" attack. *See Second Episcopal Dist. African Methodist Episcopal Church v. Prioleau*, 49

---

[1] The plaintiffs also seek attorney's fees and costs in the Complaint, however the attorneys' fees alone is not sufficient to maintain a lawsuit. This, however, does not bar the parties from filing motions seeking costs and fees.

A.3d 812, 815 (D.C. 2012). A "facial" attack requires the Court to determine jurisdiction based

on the face of the Complaint while assuming the truth of the allegations asserted. *Id.* A "factual"

attack frees the Court to consider matters outside the Complaint and relieves it of the

presumption of truth of the allegations contained in the Complaint. *Id.* A factual attack made

under Rule 12(b)(1) "may occur at any stage of the proceedings and plaintiff bears burden of

proof that jurisdiction does in fact exist." *Heard v. Johnson*, 810 A.2d 871, 878 (D.C. 2002)

(citations omitted). When jurisdiction does not adequately appear from the record the Court must

dismiss the Complaint. *See UMC Dev., LLC v. District of Columbia*, 120 A.3d 37, 44 (D.C.

2015).

      First and foremost, defendant's contentions that the labels at issue have been removed as

part of the defendants' rebranding project went entirely uncontested. Considering the plaintiff's

prayer for relief requested precisely what the defendants have opted to do since the filing of the

suit, there is sufficient grounds for dismissal based on the conceded nature of the contention.

Nonetheless, the Court will continue to address the settlement in *Neversink General Store v.

Mowi USA, LLC*, No. 1:20-cv-09293-PAE (S.D.N.Y.). The Court concurs with the defendants

that the nationwide class action settlement in the *Neversink* matter applies in the instant case. As

it stands, the settlement in *Neversink* entirely resolves the claims raised by the plaintiffs. The

settlement covers precisely those consumers in the United States that have purchased Ducktrap

Products that included the phrases "sustainably sourced," "all natural," and/or "from Maine."

The defendants must now refrain from utilizing those phrases no the packaging of any Ducktrap

Product for a period of two years, not to mention the measures that the defendants have already

taken as part of the rebranding project, which, once again, is entirely uncontested by the

plaintiffs. The settlement also includes monetary relief in addition to the practical changes made on the labels of the Ducktrap Products.

"[A] case is moot when "the legal issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome." *Crawford v. First Wash. Ins. Co.*, 121 A.3d 37, 39 (D.C. 2015) (citing *Thorn v. Walker*, 912 A.2d 1192, 1195 (D.C. 2002)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Bradley v. Triplex Shoe Co.*, 66 A.2d 208, 209 (D.C. 1949) (citing *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)). Here, it is readily apparent that the issues brought forth by the plaintiff are moot at this time. The plaintiff pursued the instant suit to end the deceptive marketing which potentially harms the D.C. consumers, and the settlement along with the rebranding project has done precisely the same relief sought by the plaintiffs. At this time, despite plaintiff's opposition, there is no more ongoing conduct for the plaintiff to enjoin. Despite plaintiff's contentions, the settlement language indeed applies to more than just those in the *Neversink* litigation as the settlement class explicitly includes all those in the United States, not just New York state. The settlement also covers online and social media statements made by the defendants. Lastly, as the plaintiffs brought this suit on behalf of the D.C. residents, they are therefore barred from prosecuting their claims against the defendants at this time as part of the Release Claims and Released Parties as defined in the settlement. Therefore, while the plaintiffs contend that they are not in privity with the *Neversink* parties, it nonetheless represents the public of the District of Columbia, which, once again, is covered under the settlement agreement.

However, considering that the District Court of the Southern District of New York will hold the Final Approval Hearing on November 19, 2021 for final approval of the settlement, the

Court is not prepared at this time to dismiss the case entirely. Therefore, the Court shall stay the case until after the November 19, 2021 Final Approval Hearing in New York. If the settlement is approved at that time, the parties are welcome to file another motion to close the instant case.

Therefore, on this **22nd Day of June, 2021**, it is

**ORDERED** that Defendant's Opposed Motion to Stay Proceedings is **GRANTED**; it is further

**ORDERED** that Defendants' Unopposed Motion for Leave to File Reply in Further Support of Defendants' Motion to Dismiss or Stay Proceedings is **GRANTED**; it is further

**ORDERED** that Defendant's Motion to Dismiss (October 30, 2020) is **DENIED AS MOOT**; and it is further

**ORDERED** that the July 16, 2021 Scheduling Conference Hearing is **VACATED** and the parties shall appear for a Status Hearing on December 10, 2021 at 10:30 AM.

**SO ORDERED**.

**William M. Jackson**
**Associate Judge**
**(Signed in Chambers)**

Copies to:

Kim Richman, Esq.
*Counsel for Plaintiffs*

Alyssa Vallar, Esq.
Andrew Soukup, Esq.
*Counsel for Defendants*