UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEVERSINK GENERAL STORE,
BRENDA TOMLINSON,
individually and on behalf of all others
similarly situated,

          Plaintiffs,

     v.

MOWI USA, LLC,
MOWI DUCKTRAP, LLC,
MOWI USA HOLDING, LLC, and
MOWI ASA,

          Defendants.

Case No. 1:20-cv-09293-PAE

ORDER & JUDGMENT

This matter came before the Court for a fairness hearing on November 23, 2021, pursuant to the Court's Preliminary Approval Order dated May 13, 2021, Dkt. No. 69, and on the motion ("Motion") for final approval of the Class Action Settlement Agreement and Release, dated March 16, 2021, entered into by the Parties (the "Settlement Agreement"), Dkt. No. 49-1, Ex. 1, as well as Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and for a Class Representative Service Award ("Fee Motion"), Dkt. No. 71. The Court set out its findings in full on the record of that hearing. Those findings are incorporated by reference here. In brief, with due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and with the Court having considered all submissions by the parties and objectors, the Court **HEREBY ORDERS** as follows:

1.     Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3.     The "Settlement Class" for purposes of this Final Approval Order means:

All persons or entities residing in the United States of America that purchased a Ducktrap Product with packaging that included "sustainably sourced," "all natural," and/or "from Maine" during the period beginning March 1, 2017 and ending on the date of entry of the Preliminary Approval Order.  The following individuals are excluded from the Settlement Class: officers and directors of Mowi and its parents, subsidiaries, affiliates, and any entity in which Mowi has a controlling interest; all judges assigned to hear any aspect of this Litigation, as well as their staff and immediate family; and Settlement Class Counsel, their staff members, and their immediate family.

4.     The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5.     The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties.  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Litigation, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and the manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (c)

constituted due, adequate, and sufficient notice to all persons and entities entitled to notice; and

(d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the

U.S. Constitution, and any other applicable law.

6.      The Court APPROVES Notice and Settlement Administration Costs in the amount

of $219,500, with such costs to be deducted from the $1,300,000 Total Class Consideration

pursuant to Section 2.4 of the Settlement Agreement.

7.      The Court hereby finds that all Settlement Class Members and all persons and entities

who fall within the definition of the Settlement Class have been adequately provided with an opportunity

to exclude themselves from the Settlement Class by submitting a request for exclusion in

conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order.

Plaintiffs have represented that it has received an opt-out from only one class member, Lindsey M.

Staten.  Accordingly, of the Settlement Class Members, only Ms. Staten is not bound by this Final

Approval Order and Judgment and is entitled to no relief under the Settlement.  All other persons and

entities who fall within the definition of the Settlement Class are Settlement Class Members and part

of the Settlement Class, and shall be bound by this Final Approval Order and corresponding

Judgment and the Settlement Agreement.

8.      The Court reaffirms that this Litigation is properly maintained as a class action, for

settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(3).

9.      The Court finds that, for settlement purposes only, the Settlement Class, as defined

above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a)

and 23(b)(3).  Specifically, this Court finds that (1) the Settlement Class Members are sufficiently

numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3)

Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Class

Counsel have adequately represented, and will continue to adequately represent, the interests of

the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

10.     The Court reaffirms its appointment of Plaintiff Neversink General Store and Plaintiff Brenda Tomlinson as Settlement Class Representatives to represent the Settlement Class, and reaffirms its appointment of Settlement Class Counsel to represent the Settlement Class.

11.     The Court finds that the Settlement Agreement warrants final approval pursuant to Rule 23(e)(2) because, the Court finds, the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations. First, the Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class, and will continue to do so through Settlement implementation. Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations through an experienced mediator, Honorable Diane M. Welsh (Ret.), and comes after adequate investigation of the facts and legal issues and the filing of three complaints and two separate motions to dismiss, and a daylong mediation session. Third, the Court finds that the relief proposed to be provided for the Settlement Class is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; and (iii) the terms of the requested Attorneys' Fees and Costs Award. Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other. Under the terms of the Settlement Agreement, each Settlement Class Member that submitted a timely and valid Claim Form will be sent a Cash Payment, which will be based on the number of Ducktrap Products the Settlement Class Member purchased, as provided on the Settlement Class Member's submitted Claim Form. Specifically, each Settlement Class Member will receive a payment of up

4

to $2.50 for each Ducktrap Product package purchased in the United States during the Class Period for which the Settlement Class Member has provided valid Proof of Purchase, and up to $2.50 for up to ten Ducktrap Product packages that the Settlement Class Member attests, on the Claim Form, to have purchased in the United States during the Class Period for which the Settlement Class Member cannot provide valid Proof of Purchase.

12.     In granting final approval of the Settlement Agreement, the Court also considered the so-called "*Grinnell* factors" that courts in this Circuit consider in evaluating proposed class settlements—which overlap considerably with the factors to be considered under Rule 23(e)(2)—including "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)). At the November 23, 2021 hearing, the Court discussed at length the application of these factors in its bench ruling. The Court incorporates that discussion by reference herein.

14.     The Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class. The Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members after deduction of the Notice and Settlement Administration Costs and the Class Representative Service Awards (discussed below) from the

$1,300,000 Total Class Consideration.

15.     The Second Amended Complaint is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, this Final Approval Order and corresponding Judgment, and any order(s) by this Court regarding Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and a Class Representative Service Award.

16.     In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, each of the Settlement Class Members and Releasing Parties shall, by operation of this Final Approval Order and Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against all Released Parties in accordance with Section 3.6 of the Settlement Agreement, the terms of which section are incorporated herein by reference. The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim. For avoidance of doubt, as referenced at the November 23, 2021 hearing, the release does not bind Settlement Class Members as to claims based on conduct occurring after the date of the Preliminary Approval Order.

17.     All Settlement Class Members and Releasing Parties (including any persons purporting to act on their behalf) have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's

6

authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

18.     Pursuant to the terms of the Settlement Agreement, Plaintiffs, Settlement Class Counsel, Mowi, and Mowi's Counsel have, and shall be deemed to have, released each other from any and all Claims relating in any way to any Party or counsel's conduct in this Litigation, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of this Litigation, including Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.4 of the Settlement Agreement.

19.     This Final Approval Order and corresponding Judgment is the final, appealable judgment in the Litigation as to all Released Claims.

20.     Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for an Attorneys' Fees and Costs Award and a Class Representative Service Award; (c) distribution of the settlement payments, Settlement Class Counsel's Attorneys' Fees and Costs Award, and any Class Representative Service Award; and (d) all other proceedings arising out of or related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement, including enforcement of the Releases provided for in the Settlement Agreement. The time to appeal from this Final Approval Order and Judgment shall commence upon its entry.

21.     In the event that the Settlement Agreement Effective Date does not occur, this Final

Case 1:20-cv-09293-PAE  Document 83  Filed 10/15/21  Page 8 of 9

Approval Order and Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Settlement Class Members, and Mowi.

22.     This Final Approval Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Mowi or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Litigation; (b) any liability, negligence, fault, or wrongdoing of Mowi or the Released Parties; or (c) that this Litigation or any other action may be properly certified as a class action for litigation, non-settlement purposes.

23.     The Fee Motion is also hereby GRANTED.  The Court APPROVES: (a) payment of Settlement Class Counsel's Attorneys' Fees and Costs Award in the total amount of $360,000 (consisting of $353,754.30 in attorneys' fees, plus $6,245.70 in reimbursement of litigation expenses); and (b) payment of service awards in the amount of $7,500 to Plaintiff Neversink General Store and $1,500 to Plaintiff Brenda Tomlinson, to compensate them for their commitment and effort on behalf of the Settlement Class, with such service awards to be deducted from the $1,300,000 Total Class Consideration pursuant to Section 3.3 of the Settlement Agreement.

24.     The Court finds that the fees and litigation expenses requested by Settlement Class Counsel are reasonable and appropriate under applicable standards and justified by the circumstances of this case.  The Court finds that the fees and expenses requested are reasonable under the percentage-of-the-fund approach and under a lodestar-multiplier cross-check.  *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  The Court further finds that

the fees and expenses requested are reasonable under the factors set forth in *Goldberger*, namely "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id.* At the November 23, 2021 hearing, the Court discussed at length the application of these factors in its bench ruling. The Court incorporates that discussion by reference herein.

25.     With respect to the requested Class Representative Service Awards for Plaintiffs, the Court finds that such awards are appropriate, and that the amount requested is within the range regularly awarded by Second Circuit courts and justified by the circumstances in this case. *See Hart v. BHH, LLC*, 2020 WL 5645984, at *5 (S.D.N.Y. Sept. 22, 2020).

26.     The Court also notes that two Settlement Class Members objected to the Settlement and to the requested Attorneys' Fees and Costs Award or Class Representative Service Awards, to each of which the class had been furnished adequate notice. In its bench ruling, at the November 23, 2021 hearing, the Court assessed these objections at length. The Court was unpersuaded by these objections. The Court incorporates that discussion by reference herein.

27.     Pursuant to Rule 54, the Court finds that there is no just reason for delay and respectfully directs this Final Approval Order and Judgment and immediate entry by the Clerk of the Court. The Clerk of Court is also respectfully directed to terminate the motions at Dockets 71, 79, 93, and 94, and to terminate the case.

**IT IS SO ORDERED.**

DATED: November 29, 2021

*Paul A. Engelmayer*

Paul A. Engelmayer

United States District Judge

9